# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

RASHI'D QAWI' AL-AMI'N, #1122828,

        Petitioner,

v.

                                        ACTION NO. 2:10cv381

HAROLD W. CLARKE,[1]
Director of the Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On May 31, 1990, Petitioner Rashi'd Qawi' Al-Ami'n ("Al-Ami'n") was convicted in the Circuit Court for the City of Norfolk of murder and use of a firearm in commission of a felony. Al-Ami'n was sentenced to a total of 52 years. He is presently serving his term of imprisonment in the Greensville Correctional Center. Al-Ami'n's instant petition does not challenge any aspect of his conviction, but rather the Commonwealth's denial of parole.

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

In August 1997, Al-Ami'n became eligible for discretionary parole consideration. The Virginia Parole Board ("Parole Board") heard, considered, and denied Al-Ami'n for discretionary parole in 1997, 1998, 2001, 2003, 2004, 2005, and again in 2008. The Parole Board consistently indicated the reason Al-Ami'n was not granted parole on those occasions was due to the "serious nature and circumstances of the offense."

On September 4, 2009, Al-Ami'n filed a petition in the Supreme Court of Virginia, contending that the Parole Board violated his due process rights when they wrongfully denied him release on parole. The Supreme Court of Virginia refused and dismissed the petition on January 13, 2010. Al-Ami'n then filed a petition for rehearing, which was denied on March 3, 2010.

Al-Ami'n filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 2, 2010. Respondent filed a number of motions for Extension of Time to respond, each of which was granted by the Court. Respondent filed a Rule 5 Answer and Motion to Dismiss on December 21, 2010.[2] Al-Ami'n filed a Response in Opposition to the Motion to Dismiss on January 12, 2011. To the extent Al-Ami'n has requested an evidentiary hearing, the Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the matter is now ripe for adjudication.

---

[2] Al-Ami'n objects (ECF No. 19) to the timeliness of Respondent's Answer and Motion to Dismiss, and requests the Court not to consider any documents filed by Respondent after December 9, 2010. Although Respondent was granted an extension until December 9, 2010, Respondent did not file the Answer and Motion to Dismiss until December 21, 2010. However, Respondent also filed a motion for Extension of Time on December 21, 2010, which was granted by the Court on December 23, 2010. Thus, the record reflects that Respondent filed a timely response to Al-Ami'n's petition pursuant to the Court's orders granting Respondent extensions of time. The Court has wide discretion in accepting and granting extensions for time, and has routinely done so for many petitioners in the past. For these reasons, the Court overrules Al-Ami'n's objection.

**B. Grounds Alleged**

Al-Ami'n asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

    (1)    The Parole Board has administratively abolished his right to parole consideration, in violation of due process and the prohibition of ex post facto laws;

    (2)    The Parole Board is failing to carry out the legislative intent of the parole statutes, in violation of due process and the prohibition of ex post facto laws;

    (3)    The Parole Board reduced its numbers from 5 full-time to 3 full-time and 2 part-time members, in violation of due process and the prohibition of ex post facto laws; and

    (4)    The Parole Board changed the rules for granting parole in his case by now requiring 4 votes for release instead of 3, in violation of due process and the prohibition of ex post facto laws.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion**

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. *See* 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). For a claim to be considered exhausted, the claim must be "fairly presented to the state courts," meaning both the "operative facts and the controlling legal principles must be presented to the state court." *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997) (citations omitted). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing

*Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Al-Ami'n's petition to the Supreme Court of Virginia for a writ of habeas corpus contained "essentially" the same claims raised in the present petition and were decided on the merits; therefore, Al-Ami'n's grounds meet the exhaustion requirement.

## B. Standard of Review

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits[3] unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

---

[3] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits," *Wright v. Angelone*, 151 F.3d 151, 156-57 (4th Cir.1998). *See also Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

## C. Merits

### 1. *Ex Post Facto*

Al-Ami'n broadly asserts that his right to be free from ex post facto laws has been violated because of the Parole Board's change in its discretionary parole policy, which he argues has effectively abolished parole for old-law prisoners. For the reasons that follow, this claim fails.[4]

The United States Constitution prohibits the enactment of an ex post facto law. U.S. Const. art. 1, § 9, cl. 3; *id.* art. I, § 10, cl. 1. "The Ex Post Facto Clause bars enactments, which by retroactive application, increase the punishment for a crime that has already been committed." *Warren v. Baskerville*, 233 F.3d 204, 206 (4th Cir. 2000) (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). Changes to parole statutes that create "a sufficient risk of increasing the measure of punishment attached to the covered crimes" may violate the Ex Post Facto Clause. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995). Yet, "[a]s the constitutional text makes clear, the ex post facto prohibition applies to 'laws.'" *Warren*, 233 F.3d at 207 (citing *United States v. Ellen*, 961 F.2d 462, 465 (4th Cir. 1992)); *see also Griggs v. Maryland*, 263 F.3d 355, 359 (4th Cir. 2001) (citing *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001)) (noting that "the Supreme Court's application of the Ex Post Facto Clause has been limited to statutes and administrative regulations with the force of law"). Thus, "[a] change in an administrative policy that was in effect at the time of a criminal's underlying offenses does not run afoul of the prohibition against ex post facto laws." *Warren*, 233

---

[4] This Court previously dismissed a § 1983 action in which Al-Ami'n raised similar arguments concerning the Parole Board's policy changes and the prohibition against ex post facto laws. Specifically, Al-Ami'n challenged a change in policy regarding the weight to be given to parole consideration factors, such as public safety and seriousness of the offense. This Court dismissed the claim, noting that the Ex Post Facto Clause does not apply to enforcement policies. *See Al-Ami'n v. Allen*, No. 2:05cv672, 2006 WL 6198460 (E.D. Va. Dec. 8, 2006).

F.3d at 207 (citing *Ellen*, 961 F.2d at 465).

The Supreme Court has found that a change to parole policy may violate the Ex Post Facto Clause if it "creates a significant risk of prolonging [an inmate's] incarceration." *Garner v. Jones*, 529 U.S. 244, 251 (2000). Nevertheless, "the Fourth Circuit has interpreted *Garner* to apply only to parole regulations that are legislative rules rather than merely changes in 'an administrative policy that was in effect at the time of a criminal's underlying offenses.'" *Lyons v. U.S. Parole Comm.*, No. 3:08cv342, 2009 WL 211583, at *3 (E.D. Va. Jan. 28, 2009) (quoting *Warren*, 233 F.3d at 207). A legislative rule "has the force of law, and creates new law or imposes new rights or duties." *Jerri's Ceramic Arts, Inc. v. Consumer Prod. Safety Comm.*, 874 F.2d 205, 207-08 (4th Cir. 1989). Legislative rules stand in contrast with interpretive rules, which do not implicate the Ex Post Facto Clause. *Ellen*, 961 F.2d at 465-66. "Unlike legislative rules . . . interpretive rules are statements of enforcement policy. They are . . . merely guides, and not laws: guides may be discarded where circumstances require; laws may not." *Ellen*, 961 F.2d at 465 (internal quotations omitted; second omission in original).

At issue in the instant petition is an enforcement policy for determining the means by which inmates receive discretionary parole. Al-Ami'n correctly admits that there have been no changes made to the statute that governs the Parole Board. Pet'r Resp. to Resp't Mot. Dismiss, 15, ECF Doc. 19. Instead, Al-Ami'n argues that the "Parole Board's post 1995 *policies* have served to administratively abolish parole for old-law prisoners." *Id.* at 25 (emphasis added). However, enforcement policies are part of the discretion vested in the Parole Board, and as noted above, enforcement policies can change as circumstances change. *See Ellen*, 961 F.2d at 465.

Section 53.1-136 of the Virginia Code specifically delegates to the Parole Board and the

6

Governor the power to make rules governing discretionary parole. "Virginia courts have made clear that the Virginia Parole Board is 'given absolute discretion in matters of parole.'" *Robinson v. Fahey*, 366 F. Supp.2d 368, 371 (quoting *Garrett v. Commonwealth*, 415 S.E.2d 245, 247 (Va. App. 1992)). However, contrary to Al-Ami'n's contention, "[s]uch a delegation of parole authority . . . does not render every particular change in parole policy subject to the Ex Post Facto Clause." *Warren*, 233 F.3d at 208. Notably, the Fourth Circuit has held that the Parole Board's 1995 policy changes "simply laid out how the Board intended to exercise its previously existing discretionary authority under the statute." *Id.* Here, as in *Warren*, the changes in the Parole Board's enforcement policy were well within the parameters of existing state law and not subject to the Ex Post Facto Clause.

The Supreme Court has advised that the Ex Post Facto Clause should not be used for "'the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures.' . . . The States must have due flexibility in formulating parole procedures and addressing problems associated with confinement and release." *Garner v. Jones*, 529 U.S. 244, 252 (2000) (quoting *Morales*, 514 U.S. at 508). In this case, the policy changes have not removed the discretion of the Parole Board and they are within the bounds of the law. "If the States are to have any freedom in developing optimal parole systems, they must be able to make policy adjustments without raising the specter of constitutional litigation." *Warren*, 233 F.3d at 208 (citing *Garner*, 529 U.S. at 252; *Roller v. Gunn*, 107 F.3d 227, 237 (4th Cir. 1997)).

### 2. *Due Process*

Next, Al-Ami'n broadly asserts that the Parole Board's policy changes have also deprived him of his right to due process of law. The controlling standard for such claims proceeds in two steps: "We first ask whether there exists a liberty or property interest of which a person has been

7

deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 131 S. Ct. 859, 861, 2011 WL 197627 (2011).

Prisoners have no fundamental constitutional right to parole. *Id.* at 862; *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir.1989) (citing *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Although under no obligation to, Virginia established a parole system to determine whether prisoners may be released on parole. *See* Va. Code § 53.1-151 (2010) (establishing a prisoner's eligibility for parole). "The Fourth Circuit has examined the [statutory] language and repeatedly held that it does not create a liberty interest in parole release." *Neal v. Fahey*, No. 3:07cv374, 2008 WL 728892, at \*2 (E.D. Va. Mar. 18, 2008) (citing *Hill v. Jackson*, 64 F.3d 163, 170-71 (4th Cir. 1995)); *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991). However, prisoners in Virginia do enjoy a limited liberty interest in *consideration* for release on parole. *Hill*, 64 F.3d at 170; *Neal*, 2008 WL 728892, at \*2 (emphasis added).

Assuming that prisoners have some liberty interest in parole, it follows then that there must be some level of due process afforded. The Fourth Circuit has held that "where [a] court has found that a parole statute establishes a liberty interest, . . . inmates are entitled to no more than minimal procedure." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). Indeed, the Supreme Court has held that "[i]n the context of parole, . . . the procedures required are minimal." *Cooke*, 131 S. Ct. at 862. "The Constitution does not require more." *Id.* (quoting *Greenholtz*, 442 U.S. at 16). Thus, this Court reviews the record to determine whether Al-Ami'n was afforded the requisite minimal procedures.

To satisfy the minimal procedures, the Fourth Circuit has held that "[i]n the parole setting,

procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986) (citing *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977) (en banc)); *see also Vann*, 73 F.3d at 522. Moreover, the Fourth Circuit has also noted that there is "no constitutional requirement that each prisoner receive a personal hearing, have access to his files, or be entitled to call witnesses on his behalf to appear before the Board." *Franklin*, 569 F.2d at 800.

Based on the record, the Court finds that the minimum procedures adequate for due process protection were met. The affidavit of Rudolph C. McCollum, Jr. ("McCollum"), a member of the Parole Board, noted that Al-Ami'n became eligible for parole consideration in 1997. McCollum Aff. ¶ 5, ECF No. 15-9. The affidavit further notes that Al-Ami'n was heard at the annual hearings in 1997, 1998, 2001, 2003, 2004, 2005, 2006, 2007, 2008, and 2009. *Id.* Shortly after each hearing, Al-Ami'n received a letter from the Parole Board notifying him of the decision and reasons not to grant him parole. As he does not contend he did not receive the letters from the Parole Board, which provided a statement of the reasons why he was denied parole, it appears Al-Ami'n was afforded all the protections he was due. Changes in the Parole Board's enforcement policy have not deprived Al-Ami'n of the process he is due.

### 3. *Equal Protection*

It is unclear whether Al-Ami'n also broadly asserts that the Parole Board's change in policy violated his right to Equal Protection. Since Al-Ami'n is a pro se litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). However, even under this less stringent standard, the Court cannot identify facts which set forth a

cognizable Equal Protection claim. Nevertheless, the Court will address this argument.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To be successful on an equal protection claim, "a [petitioner] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

Al-Ami'n has not shown that he is similarly situated to other inmates, nor has he shown that he is being treated differently than other inmates. Additionally, Al-Ami'n has failed to show that he is a member of a suspect class. Although it is unclear what suspect class Al-Ami'n could claim to be in, the Fourth Circuit has held that "[p]risoners are not a suspect class." *Moss*, 886 F.2d at 690. Thus, Al-Ami'n fails to state an Equal Protection claim.

#### 4. *Exhaustion of Count Four*

Respondent asserts that Al-Ami'n failed to exhaust his state court habeas corpus remedies for the fourth count—that the change in the Parole Board's rules in granting parole in his case now requiring four votes for release instead of three violates due process and the prohibition against ex post facto laws—and should thus be dismissed. The Court need not decide whether Al-Ami'n in fact exhausted this claim because the Court can dispose of it on other grounds. Specifically, McCollum's affidavit notes that Al'Ami'n is incorrect—this policy does not apply to Al-Ami'n because, although convicted of first degree murder, he is not serving a life sentence. McCollum Aff. ¶ 14, ECF No. 15-9. Only inmates serving a life sentence for first degree murder are required to receive four votes.

10

*Id.* Therefore, Al-Ami'n is only required to receive three votes, not four, in order to be released on discretionary parole. In any event, the above discussion regarding ex post facto laws, due process, and equal protection are equally applicable to this claim. Thus, the Court finds the claim to be without merit.

### 5. *Remaining Claims*

To the extent that Al-Ami'n asserts a violation of state law, such claims are not appropriate for federal habeas corpus review. Rather, such claims should be raised in a § 1983 action. A federal court may grant habeas relief to a state inmate under 28 U.S.C. § 2254 only upon a finding "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ will not issue merely on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED (ECF No. 1) and the Respondent's motion to dismiss be GRANTED (ECF No. 14).

Furthermore, Al-Ami'n has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

> 1. Any party may serve upon the other party and file with the Clerk written objections

to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
May 13, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Rashi'd Qawi' Al-Ami'n, #1122828
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870

Richard C. Vorhis, Esq.
Attorney for Respondent
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk of the Court
May 13, 2011