# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

FILED JUN 2 2 2011 CLERK, U.S. DISTRICT COURT NORFOLK, VA

RASHI'D QAWI' AL-AMI'N, #1122828
    Petitioner,

v.                                                                                      ACTION NO. 2:10cv381

HAROLD W. CLARKE,
    Director of the Virginia
    Department of Corrections

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to Petitioner's denial of parole by the Virginia Parole Board. As a result of a conviction on May 31, 1990 in the Circuit Court for the City of Norfolk of murder and use of a firearm in the commission of a felony, Petitioner was sentenced to serve fifty-two years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation, filed May 13, 2011, recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On May 31, 2011, the Court received Petitioner's Objections to the Report and Recommendation. ECF No. 22. Petitioner objects to the Magistrate Judge's recommendation

that his petition for writ of habeas corpus be denied, and renews his arguments found within the petition. The Court has conducted a de novo review of the Petitioner's arguments, which were fairly categorized by the Report and Recommendation into three constitutional issues reaching the application of the Ex Post Facto Clause to administrative policy changes, denial of due process, and violations of the Equal Protection Clause. As was noted in greater detail in the Report and Recommendation, the standard of review applied seeks "to ensure a level of 'deference to the determinations of state courts.'" Williams v. Taylor, 529 U.S. 362, 386 (2000). Only where the Virginia Supreme Court's final conclusions conflict with federal law or apply federal law in an unreasonable way, may this Court reverse the Virginia Supreme Court's denial of the petition for writ of habeas corpus. Id. The record demonstrates that Petitioner received periodic reviews by the Parole Board, and was furnished with "no grant" letters following each review. The procedures meet the minimal standards required, and the Court finds no due process violation.

Additionally, the Fourth Circuit has been clear that the Ex Post Facto Clause only applies to laws and parole regulations that are legislative rules rather than changes in parole policy. See Garner v. Jones, 529 U.S. 244, 251 (2000); Warren v. Baskerville, 233 F.3d 204, 206 (4th Cir. 2000); Lyons v. U.S. Parole Comm., No. 3:08cv342, 2009 WL 211583, at *3 (E.D. Va. Jan. 28, 2009). Petitioner argues that the distinction is not significant; however, as the cases make clear, the distinction is the determining factor in whether a violation of the Ex Post Facto Clause has occurred. In this case of mere policy changes, however they are executed, the Ex Post Facto Clause simply does not apply.

In order to demonstrate that Petitioner's equal protection rights have been violated, he must demonstrate that he has been treated differently from others similarly situated and that the

treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Since Petitioner does not belong to a "suspect classification," the policy will be presumed valid if rationally related to a legitimate state interest. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) ("Prisoners are not a suspect class"). Considerations of parole are lawfully delegated to the Virginia Parole Board who is best suited to evaluate inmates' suitability for parole. The Petitioner has not demonstrated that he is the victim of purposeful discrimination or rebutted the presumption that the Parole Board's policies are valid, therefore, the claims based upon alleged violations of the Equal Protection Clause fail.

Petitioner's remaining objections are addressed adequately by the Magistrate Judge's Report and Recommendation.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed May 13, 2011. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this court, United States

Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/ Raymond A. Jackson
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 21, 2011